A motion to amend an execution had been made in the County Court of New Hanover, and came up by appeal to the Superior Court, where the following, in substance, was submitted as a case agreed:
The president, directors and company of the Bank of Cape Fear, at September Term, 1839, of New Hanover County Court obtained a *Page 108 
judgment against James Burney and others for $4,261.60, with interest; afieri facias thereupon regularly issued, tested at September Term, 1839, and duly came to the hands of the defendant, who was sheriff of the county of Columbus. Upon this execution the sheriff returned that by the sale of various articles of property he had satisfied the sum of $3,577.10, besides the costs and commissions. Afterwards the plaintiff sued out another execution, tested at December Term, 1839, and returnable to March Term, 1840, which duly came to the hands of the defendant as sheriff aforesaid. This execution did not profess on its face to be an alias, but on the back was the following indorsement by the clerk: "$3,577.10 paid." On this execution the sheriff returned "No property to be found." At Fall Term, 1839, of Cumberland Superior Court one __________ obtained a judgment against the said Burney and others for $ ____ A fieri facias thereupon regularly issued, tested at November Term, 1839, of Cumberland Superior Court, and duly came to the (148) hands of the defendant as sheriff of Columbus. The motion was to amend the plaintiff's execution tested at December Term, 1839, by inserting the words "as we have heretofore done," for the purpose of making it relate back, as an alias, to the execution of the plaintiffs' tested at September Term, 1839.
Notice of this motion had been given to Williamson, the sheriff, but none to the plaintiff in the execution issued from Cumberland Superior Court, nor to the defendants in the present execution.
The court refused to allow the amendment, and discharged the rule, because the amendment, if it had any effect, would prejudice the interest of the plaintiff in the execution from Cumberland, and not upon the ground that the question of amendment was a mere matter of discretion. From this judgment the plaintiffs appealed to the Supreme Court.
Without stopping to remark upon the novelty of a motion to amend, without the defendants in the execution having any notice of it, we will say that in our opinion the decision of the judge was correct in refusing the motion and discharging the rule — and that, too, for the reasons given by him. In 4 Maule and Sel., 328, the Court refused to allow an amendment of a fieri facias, when the defendant had become a bankrupt before the sale of the goods taken in execution under the writ, because the amendment would prejudice the rights of third persons, namely, the assignee and the other creditors. See, also, 2 Arch. Prac.
K. B., 279. When third persons are not thereby affected, a writ (149) of execution may be amended from a day certain to a general *Page 109 
return day; but if it will affect the rights of third persons, the amendment cannot be made. 1 Marshall, 399; 5 East, 291. The authorities are with the decision of the judge, and the judgment must be
PER CURIAM. Affirmed.
Cited: Smith v. Spencer, 25 N.C. 262; Phillipse v. Higdon, 44 N.C. 383;Bennett v. Taylor, 53 N.C. 283; Simpson v. Simpson, 64 N.C. 429;Williams v. Sharpe, 70 N.C. 584; Phillips v. Holland, 78 N.C. 33.